UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

**KEVIN M. BROWN, SR.**

**CASE NO.:**

    **Plaintiff,**

v.

**JURY TRIAL DEMANDED**

**MAURY COBB, ATTORNEY AT LAW, LLC**
a foreign limited liability company, and
**CREDENCE RESOURCE MANAGEMENT, LLC**
a foreign limited liability company,

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, Kevin M. Brown, Sr. ("Plaintiff"), by and through his undersigned counsel, files suit against Maury Cobb, Attorney at Law, LLC ("Maury Cobb") and Credence Resource Management, LLC ("Credence") (collectively "Defendants"), and states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA") and 15 U.S.C. § 1692 *et seq,* the Fair Debt Collection Practices Act ("FDCPA"). Fundamentally, this case concerns the Defendants' refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq*.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Georgia. Plaintiff suffered injuries in Oconee County, Georgia.

## PARTIES

4. Plaintiff, Kevin Brown, is a natural person who resides in Oconee County, Georgia. Plaintiff is a "person" under 47 U.S.C. § 227.

5. Defendant, Maury Cobb, Attorney at Law, LLC, is headquartered in Alabama, has its principal place of business located in Alabama, does business in the State of Georgia and is a "person" under 47 U.S.C. § 227 and a "debt collector" under 15 U.S.C. § 1692.

6. Defendant, Credence Resource Management, LLC, is headquartered in Nebraska, has its principal place of business in Texas, does business in the State of Georgia, and is a "person" under 47 U.S.C. § 227 and a "debt collector" under 15 U.S.C. § 1692.

7. Defendants, in the conduct of their businesses, use one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

8. The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed themselves to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

**BACKGROUND**

9. On May 11, 2017, Plaintiff filed for chapter 7 bankruptcy. Case No. 8:17-bk-04080-CPM.

10. In his bankruptcy petition, Plaintiff included a $1,244.26 debt allegedly owed to T-Mobile (the "Alleged Debt").

11. In approximately September of 2017, Maury Cobb began calling Plaintiff's cell phone in attempts to collect on the Alleged Debt.

12. Approximately at time same time, Plaintiff told Maury Cobb that the Alleged Debt was included in Plaintiff's bankruptcy and gave Maury Cobb his bankruptcy attorney's information.

13. Despite Plaintiff's telling Maury Cobb that his debt was included in the bankruptcy as well as his bankruptcy attorney's information, Maury Cobb continued to call Plaintiff everyday at least once a day.

14. Maury Cobb called from several numbers, including from the number (706) 955-4857.

15. On November 17, 2017, Maury Cobb sent Plaintiff a letter in an attempt to collect on the Alleged Debt. The letter, addressed to Plaintiff, asks Plaintiff to make his check payable to Maury Cobb's address. A copy of this letter is attached as **Exhibit A**.

16. Maury Cobb placed calls to Plaintiff's cell phone using an automated telephone dialing system, without Plaintiff's express consent, because Maury Cobb utilized pre-recorded voice messages when Plaintiff answered a call from Defendant and Defendant left pre-recorded automatic voice messages when Plaintiff did not answer Defendant's call.

17. In approximately March of 2018, Credence called Plaintiff in an attempt to collect on the Alleged Debt. During that phone conversation, Plaintiff told Credence that Plaintiff's debt was included in his bankruptcy and also gave Credence his bankruptcy attorney's information.

18. Despite notifying Credence that the Alleged Debt was included in his bankruptcy and despite giving Credence his attorney's information, on March 13, 2018, Credence sent Plaintiff a letter in an attempt to collect on the Alleged Debt. This letter is attached as **Exhibit B**.

19. As detailed below, Defendants' conduct constitutes a violation of the TCPA and FDCPA.

## COUNT I

## VIOLATION OF THE TCPA BY MAURY COBB

20. This is an action against Maury Cobb for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

21. Plaintiff re-alleges and reincorporates paragraphs 1 through 19, as if fully set forth herein.

22. Maury Cobb, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

23. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

24. Maury Cobb violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

25. Maury Cobb willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Maury Cobb that the Alleged Debt was included in Plaintiff's bankruptcy and that Plaintiff had a bankruptcy attorney.

26. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

27. As a result of the above violation of the TCPA, Maury Cobb is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

28. Based upon the willful, knowing, and intentional conduct of Maury Cobb as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Maury Cobb: (1) finding that Maury Cobb violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Maury Cobb willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FDCPA BY MAURY COBB

29. This is an action against Maury Cobb for violation of 15 U.S.C. § 1692 *et seq*.

30. Plaintiff re-alleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

31. The FDCPA provides, in pertinent part:

**15 U.S.C. § 1692c**

[a] debt collector may not communicate with a consumer in connection with the collection of any debt –

- if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32. Through its conduct, described above, Maury Cobb directly and through its agents violated the above sections of the FDCPA.

33. As a result of Maury Cobb violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. §

6

1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

34. All conditions precedent to this action have occurred, have been satisfied or have been waived.

Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Maury Cobb has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE FDCPA BY CREDENCE

35. This is an action against Credence for violation of 15 U.S.C. § 1692 *et seq*.

36. Plaintiff re-alleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

37. The FDCPA provides, in pertinent part:

**15 U.S.C. § 1692c**

A debt collector may not communicate with a consumer in connection with the collection of any debt –

- if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

38. Through its conduct, described above, Credence directly and through its agents violated the above sections of the FDCPA.

39. As a result of Credence's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

40. All conditions precedent to this action have occurred, have been satisfied or have been waived.

Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Credence has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

RESPECTFULLY SUBMITTED this 13th day of June, 2018.

Respectfully Submitted,

TOLICUS LAW, PLLC

/s/ Geoffrey M. Dureska, Esq.
TOLICUS LAW, PLLC
Georgia Bar No. 786903
1870 The Exchange, SE, STE 200
Atlanta, Georgia 30339
gdureska@tolicus.com
(404) 692-5953 (tel)
(703) 777-3656 (fax)
Attorneys for Plaintiff